IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAMSON SALAMI | : | NO. 23-13 |

## ORDER-MEMORANDUM

**AND NOW**, this 16th day of March, 2026, upon consideration of Defendant Samson Salami's letter request for early termination of his supervised release, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

On February 24, 2020, Defendant pled guilty in the United States District Court for the Northern District of Georgia to Count Two of Indictment No. 19-264, which charged him with knowing possession of at least one visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).  On August 11, 2020, he was sentenced to 30 months of imprisonment, five years of supervised release, and a $100 special assessment with respect to Count Two of Indictment No. 19-264, and Count One of the Indictment was dismissed.  Defendant commenced supervised release on November 23, 2022, and his term of supervised release is scheduled to expire on November 22, 2027.  On January 23, 2023, jurisdiction over Mr. Salami was transferred to this Court.

Defendant has served more than three years of his term of supervised release and has made a continued positive adjustment to supervision.  He is presently classified as a low/moderate risk level.  While on supervision in this District, Defendant has maintained a stable residence and steady employment.  Since April 2023, he has been employed by Philadelphia Taxicab Service.  Additionally, there have been no behavioral health concerns to date, he has been successfully discharged from the Assessment & Treatment Alternatives/Treatment Accountability Protection

sexual offender program ("ATA/TAP"), has remained in compliance with his Megan's Law Sex Offender Registration and Notification requirements, and has paid his financial obligation in full.

Defendant has asked us to grant early termination of his supervised release. We consider a request for early termination of supervised release pursuant to 18 U.S.C. § 3583(e), which grants us discretion to terminate a term of supervised release if we are "satisfied that such action is warranted by the conduct of the defendant . . . and the interest of justice." 18 U.S.C. § 3583(e)(1). In making that determination, we must consider certain factors laid out in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020) (quoting United States v. Davies, 746 F. App'x 86, 88-89 (3d Cir. 2018)). We "are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [we have] considered the statutory factors is sufficient.'" Id. at 52-53 (quoting United States v. Gammarano, 321 F.3d 311, 315-16 (2d Cir. 2003)). Moreover, the United States Court of Appeals for the Third Circuit has stated that "[g]enerally, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." Id. at 53 (alteration in original) (internal quotations omitted). The defendant always bears "the burden of establishing that early termination of his supervised release is merited." United States v. Allston, Crim. A. No. 99-409, 2021 WL 4262315, at *2 (E.D. Pa. Sept. 20, 2021) (citing United States v.

2

McDowell, 888 F.2d 285, 291 (3d Cir. 1989)).

Defendant acknowledges that his offense of conviction is serious and maintains that he is deeply remorseful for his crime. However, he asks us to consider the suffering that his crime has caused his family and himself and asserts that, as a result of his crime, he has been unable to obtain a meaningful job, his marriage is irretrievably broken, his passports have been seized, and he has been unable to travel to Nigeria to attend family funerals. He also asks us to consider his participation in the ATA/TAP program and lack of recidivism during the three years he has served of his supervised release.

We certainly commend Defendant for his recent compliance with the law and the terms of his supervised release. At the same time, Defendant's crime was very serious. While his compliance with the terms of his supervised release has been commendable, we believe that continued supervision at the minimum level currently required will not impede Defendant's continued progress or serve any punitive function but, rather, will assist him in continuing his positive transition from incarceration and his development into a fully productive and law-abiding member of society.

For the foregoing reasons, and having considered the 18 U.S.C. § 3553(a) factors, we conclude that Defendant has not satisfied his burden of establishing that early termination of supervised release is merited in this case. We therefore deny Defendant's Motion for Early Termination of Supervised Release.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

3